

156

# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar Number 13644
3  SHAHEEN P. TORGOLEY
   BRETT C. RUFF
4  Assistant United States Attorneys
   501 Las Vegas Boulevard South, Suite 1100
5  Las Vegas, Nevada 89101
   Telephone: 702-388-6336
6  Shaheen.Torgoley@usdoj.gov
   Brett.Ruff@usdoj.gov
7  *Representing the United States of America*

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

JUL - 8 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                              DEPUTY

8              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
9

UNITED STATES OF AMERICA,          | **SEALED**
10                                  | **CRIMINAL INDICTMENT**
                 Plaintiff,
11                                  | Case No. 2:20-cr- *156 RFB DJA*
   v.
12                                  | <u>VIOLATIONS</u>:
   ADALI ARNULFO ESCALANTE-
13  TRUJILLO,                       | <u>Count 1</u>:
       also known as (aka) "Buchaca," | 21 U.S.C. §§ 848(a), (b), (c), and (s)—
14                                  | Continuing Criminal Enterprise
   JOSE ALFREDO AYALA-FLORES,
15      aka "Blackie,"              | <u>Count 2</u>:
                                    | 21 U.S.C. § 846—Conspiracy to Distribute
16  ALVARO ERNESTO PEREZ CARIAS,    | a Controlled Substance
       aka "Toro,"
17                                  | <u>Count 3</u>:
   SEBASTIAN OCADIZ-CASTRO,         | 18 U.S.C. § 371—Conspiracy—Dealing in
18                                  | Firearms Without a License
   JUAN LUIS-RICO,
19      aka "Pelon,"                | <u>Counts 4-5</u>:
                                    | 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)—
20  JUAN ANGEL REYES,               | Distribution of a Controlled Substance; 18
       aka "Angel,"                 | U.S.C. § 2, Aiding and Abetting
21      aka "Mysterio,"
                                    | <u>Counts 6, 11, 13-15, 17-19, 21</u>:
22  MIGUEL ANGEL NIETO-ROMERO,      | 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)—
       aka "Flaco,"                 | Distribution of a Controlled Substance; 18
23                                  | U.S.C. § 2, Aiding and Abetting

| | |
|---|---|
| ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," | Counts 7-10: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)— Distribution of a Controlled Substance; 18 U.S.C. § 2, Aiding and Abetting |
| DANIEL ENRIQUE PEREZ-TORRES, aka "Maliente," | |
| JOSE GERARDO CORTEZ-DIAZ, aka "Cristian Axel Lopez-Cortez," aka "Chiquilin," | Count 12: 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D)—Dealing in Firearms Without a License |
| EDER CRUZ-SALGUERO, aka "Edgar Manolo Ramirez-Salguero," aka "Venado," | Count 16: 26 U.S.C. §§ 5841, 5861(d), and 5871— Possession of Unregistered Firearm |
| CARLOS LOPEZ-GUZMAN, aka "Troso," and | Count 20: 18 U.S.C. §§ 922(g)(1), 922(g)(5)(A), and 924(a)(2)—Prohibited Person in Possession of a Firearm |
| PEDRO ERNESTO MONTALVO, aka "Cuba," | |
| Defendants. | |

The Grand Jury Charges that:

## INTRODUCTORY ALLEGATIONS

## BACKGROUND

1.    At all times relevant to this indictment,

ADALI ARNULFO ESCALANTE-TRUJILLO,
aka "Buchaca,"

JOSE ALFREDO AYALA-FLORES,
aka "Blackie,"

ALVARO ERNESTO PEREZ CARIAS,
aka "Toro,"

SEBASTIAN OCADIZ-CASTRO,

JUAN LUIS-RICO,
aka "Pelon,"

JUAN ANGEL REYES,
aka "Angel,"

aka "Mysterio,"

MIGUEL ANGEL NIETO-ROMERO,
aka "Flaco,"

ROSALIO ANDRES SIGUENZA-ROMERO,
aka "Tweety,"

DANIEL ENRIQUE PEREZ-TORRES,
aka "Maliente,"

JOSE GERARDO CORTEZ-DIAZ,
aka "Cristian Axel Lopez-Cortez,"
aka "Chiquilin,"

EDER CRUZ-SALGUERO,
aka "Edgar Manolo Ramirez-Salguero,"
aka "Venado,"

CARLOS LOPEZ-GUZMAN,
aka "Troso," and

PEDRO ERNESTO MONTALVO,
aka "Cuba,"

defendants herein, and other persons, known and unknown to the Grand Jury, were members and associates of the Mara Salvatrucha street gang, otherwise known as "MS-13," operating in and around Las Vegas, Nevada, and elsewhere.

2.      At all times relevant to this Indictment, five or more members of MS-13 operated within the District of Nevada, and elsewhere.

3.      "Mara" was an El Salvadoran term for "gang."  "Salva" referred to El Salvador.  While MS-13 originated in Los Angeles, MS-13 spread over a wide geographical region, including to Las Vegas, Nevada, and elsewhere.

4.      MS-13 actively recruited, and continues to recruit, members within the State and District of Nevada.

### The Relevant Organization of MS-13

5.      MS-13 was organized by subsets known as "cliques," including "Hollywood Locos," "Fulton," and many others.

6.      Each clique typically had a seniority-driven structure.

7.      In the southwestern United States, the Hollywood Locos clique of MS-13 operated in numerous major cities, including in the Las Vegas, Nevada sector and Los Angeles, California sector.

8.      Each sector typically had one or more leaders who were responsible for, among other things, managing supply of the narcotics trafficking operation in the sector's territory, coordinating with other sectors, collecting money to finance gang activity, recruiting and initiating members, monitoring and enforcing territorial narcotics trafficking, and representing their respective sectors when coordinating with other sectors.

9.      The organizational hierarchy of MS-13 cliques in Nevada was comprised of the following ranks in ascending order of importance: "Paro," "Observacion," "Chequeo," "Homeboy," and "Palabrero." "Paro" is the lowest rank and refers to a member who does favors for the gang and contributes proceeds to it for further gang activities. "Observacion" is above "Paro" and describes a member who is trusted to serve as a bodyguard or lookout for the gang and its leaders. Above "Observacion," "Chequeo" is a member who has demonstrated loyalty to the gang, often committing acts of violence or killing rival gang members. Above "Chequeo," "Homeboy" is a fully initiated gang member who has undergone a "jumping in" ceremony. This ritual ceremony involves passing a "beating test" in which the prospective MS-13 member must survive a group of existing MS-13 "Homeboys" beating him for 13 seconds. Once jumped in, an MS-13 member is expected to participate in

MS-13's criminal activities. Certain "Homeboys" also operate as "Palabrero(s)," or "shot caller(s)" and make the ultimate decisions on all gang matters affecting the clique.

10.     At all times relevant to this indictment, defendants

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
aka "Buchaca,"

**JOSE ALFREDO AYALA-FLORES,**
aka "Blackie," and

**ALVARO ERNESTO PEREZ CARIAS,**
aka "Toro,"

were "Homeboys" in the MS-13 Hollywood Locos and Fulton cliques.

11.     At all times relevant to this indictment, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," was the "shot caller" for the Hollywood Locos clique in Las Vegas, Nevada.

12.     MS-13 members met regularly to, among other things, report on criminal acts committed by their members. MS-13 leaders met or communicated by phone to discuss gang rules and gang business, to coordinate criminal activities, to resolve problems or issues among gang members of different cliques, and to unite gang members from across geographic sectors controlled by the clique.

13.     MS-13 members sometimes signified their membership with tattoos reading "Mara Salvatrucha," "MS," "MS-13," or other variations of the gang's name or imagery. MS-13 members typically refer to other members by their monikers, or nicknames, and often do not know fellow gang members' legal names.

14.     Members used specific hand-signs or gestures to represent their membership, allegiance to, or affiliation with MS-13.

15.    MS-13 has a self-imposed code of conduct.

16.    MS-13 does not tolerate members and associates who cooperate with law enforcement.

17.    MS-13 cliques collected money from its members for the benefit of, and to be provided to, MS-13 interests in Nevada, California, El Salvador, and elsewhere.

18.    MS-13 gang members routinely communicated about gang activities with gang members in other states using cellular telephones and social media applications via the Internet. MS-13 members also used interstate and international money wire transfers to conduct and promote gang activities.

## Count One

### (Continuing Criminal Enterprise)

The allegations set forth in paragraphs 1 through 18 of this indictment are re-alleged and incorporated herein as if set forth in full.

From on or about July 10, 2019, and continuously thereafter up through and including July 2, 2020, within the State and Federal District of Nevada and elsewhere,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that he unlawfully, knowingly and intentionally violated Title 21, United States Code, Sections 841, 843(b), and 846, which violations include, but are not limited to: the substantive violations alleged in Counts 4-11, Distribution of a Controlled Substance; the substantive violations alleged in Counts 13-15, Distribution of a Controlled Substance; the substantive violations alleged in Counts 17-19, Distribution of a Controlled Substance; the substantive violations alleged in Count 21, Distribution of a Controlled Substance; substantive violations

of 21 U.S.C. § 843(b), Use of a Telecommunications Facility in Furtherance of Drug Trafficking; including the acts and violations described below:

    a. On July 10, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," when offering to sell controlled substances to a potential buyer, stated "we," referring to MS-13, have people in Tijuana, Sonora, and Mexico City to help with drug supply.

    b. On July 10, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," showed a bag of firearms to the same potential buyer while discussing connections to MS-13 members, including an MS-13 Hollywood Locos Homeboy and Daniel Enrique Perez-Torre, aka "Maliente," and claimed he had "kids" running narcotics and firearms for him.

    c. On July 10, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," called a senior-level MS-13 member in El Salvador and handed the phone to a potential narcotics and firearm purchaser.

    d. On July 10, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," offered to sell firearms to a potential purchaser.

    e. On July 10, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," introduced Sebastian Ocadiz-Castro, an MS-13 Hollywood Clique "Chequeo," as someone who could provide narcotics and provide buyers with firearms.

    f. Later on July 10, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," arranged for Sebastian Ocadiz-Castro to provide a black handgun to a buyer with whom he recently had become reacquainted.

g.  On July 11, 2019, to gain credibility with a customer, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," bragged of violent acts committed by MS-13.

h.  On July 11, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," boasted of connections between MS-13 and the Mexican Mafia.

i.  On July 11, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," bragged that MS-13 now works with nearly all the Mexican Cartels.

j.  On July 18, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," arranged for a runner to deliver a handgun and assault rifle to his home on behalf of a methamphetamine buyer.

k.  On July 18, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," boasted of having firearms suppliers in Arizona.

l.  On July 18, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," advertised that he could facilitate the acquisition of fake identification cards.

m.  On July 18, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," sold approximately 60 Oxycodone 15-milligram pills to a methamphetamine buyer.

n.  On July 18, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," explained that, in his conversations with high-level MS-13 leadership, they discussed possible changes that needed to occur at MS-13.

o. On August 6, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," arranged to have approximately 38 Oxycodone 15-milligram pills sold to a methamphetamine buyer.

p. On or about September 4, 2019, a narcotics supplier for ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," possessed approximately 564 grams of methamphetamine in furtherance of the enterprise.

q. On September 12, 2019, while another supplier was unavailable, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," arranged for Daniel Enrique Perez-Torre, aka "Maliente," a member of the MS-13 Adams Clique, to supply methamphetamine for a buyer.

r. On September 12, 2019, in an effort to build rapport with a methamphetamine buyer, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," attempted to arrange for the buyer to earn money by soliciting for prostitution a female in Las Vegas., Nevada.

s. On December 20, 2019, after complaining that another narcotics supplier was too slow, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," offered to provide methamphetamine to a buyer by relying on different sources of supply.

t. On December 20, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," showed pictures of firearms and offered to sell them to a buyer after noting they had previously been earmarked for distribution to MS-13 Homeboys in Los Angeles.

u. Leading up to a December 23, 2019 gun sale, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," placed a buyer in contact with Rosalio Andres Siguenza-Romero, aka "Tweety," an MS-13 member and firearms supplier.

v. On January 6, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," arranged for suppliers from outside of the Hollywood Locos clique of MS-13, including MS-13 members Juan Angel Reyes, aka "Angel," aka "Mysterio," Miguel Angel Nieto-Romero, aka "Flaco," and Daniel Enrique Perez-Torre, aka "Maliente," to deliver methamphetamine to a buyer.

w. On February 2, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," introduced a methamphetamine buyer, during a telephonic three-way call, to Jose Alfredo Ayala-Flores, aka "Blackie," an MS-13 Homeboy and leader in the MS-13 "Los Angeles Program," a leadership group which sought to unify MS-13 decision-making throughout the United States.

x. On February 15, 2020, following the completion of numerous narcotics acquisitions between ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," and a buyer, ESCALANTE-TRUJILLO connected that buyer, during a three-way call, with a founding member of MS-13 in El Salvador, who pledged to offer his resources, including access to "thousands" of MS-13 gang members, to aid the buyer in narcotics trafficking.

y.  On March 11, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," hosted MS-13 Fulton Clique members from Los Angeles, at his Las Vegas residence, as they transported bulk methamphetamine to a buyer.

z.  On April 16, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," hosted Jose Alfredo Ayala-Flores, aka "Blackie," an MS-13 member from Los Angeles, as he supplied bulk methamphetamine to a buyer in Buchaca's Las Vegas home.

aa. On April 23, 2020, after ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," placed a methamphetamine buyer in touch with a high-ranking MS-13 Hollywood Locos member incarcerated in California.

bb. On April 23, 2020, a narcotics supplier introduced by ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," to a buyer explained that $2,500 per pound would soon be the standard price for methamphetamine, and that elsewhere quality methamphetamine has already reached $3,000.

cc. On April 23, 2020, following the completion of numerous narcotics acquisitions between ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca" and a buyer, ESCALANTE-TRUJILLO connected that buyer, during a three-way call, with Alvaro Ernesto Perez Carias, aka "Toro," a senior member of MS-13's Hollywood Locos Clique, who offered access to bulk methamphetamine despite difficulties elsewhere in large drug acquisitions as a result of the COVID-19 pandemic.

dd. On April 25, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," hosted a methamphetamine buyer and Alvaro Ernesto Perez

Carias, aka "Toro," at his Las Vegas home, during which Toro supplied bulk methamphetamine while explaining that he uses a different supplier than Jose Alfredo Ayala-Flores, aka "Blackie."

ee. On April 28, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," offered to supply a buyer with high-quality methamphetamine supplied through a high-level MS-13 Hollywood Locos member.

ff. On May 1, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," provided methamphetamine buyers with a sealed envelope of money to transport to Los Angeles for Alvaro Ernesto Perez Carias, aka "Toro," an aforementioned senior member of Buchaca's clique.

gg. On May 7, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," arranged a three-way call with an incarcerated, senior-level MS-13 member to discuss methamphetamine supply.

hh. On May 14, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," hosted Jose Alfredo Ayala-Flores, aka "Blackie," and Carlos Lopez-Guzman, aka "Troso," a MS-13 Southside Clique member, at ESCALANTE-TRUJILLO's Las Vegas home, to facilitate a buyer's acquisition of bulk methamphetamine and rifles.

ii. On June 18, 2020, after a buyer acquired 1,000 pills of suspected fentanyl shipped from Jose Alfredo Ayala-Flores, aka "Blackie" in Los Angeles, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," in Las Vegas, collected the asking price of the pills, $4,050, and a $450 fee for himself.

jj. On July 2, 2020, Jose Alfredo Ayala-Flores, aka "Blackie," and Carlos Lopez-Guzman, aka "Troso," obtained approximately four pounds of methamphetamine in California.

kk. On July 2, 2020, Jose Alfredo Ayala-Flores, aka "Blackie," and Carlos Lopez-Guzman, aka "Troso," drove the approximately four pounds of methamphetamine to Las Vegas.

ll. Upon arrival to Las Vegas on July 2, 2020, Jose Alfredo Ayala-Flores, aka "Blackie," and Carlos Lopez-Guzman, aka "Troso," attempted to evade suspected law enforcement vehicles they perceived were following them to Las Vegas.

mm. On July 2, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," sold approximately four pounds of methamphetamine, delivered earlier that day by Jose Alfredo Ayala-Flores, aka "Blackie," and Carlos Lopez-Guzman, aka "Troso," to a buyer for $13,500, and took an additional $300 fee.

and which acts and violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et seq.*, undertaken by ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," in concert with at least five other persons with respect to whom ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," occupied positions of organizer, supervisor, and any position of management, and from which continuing series of violations defendant ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," obtained substantial income and resources.

All in violation of Title 21, United States Code, Sections 848(a), (b), and (c).

**Count Two**

(Conspiracy to Distribute a Controlled Substance)

The allegations set forth in paragraphs 1 through 18 of this indictment are re-alleged and incorporated herein as if set forth in full.

From a time unknown but not earlier than July 2019, and continuing up to and including on or about July 2, 2020, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**JOSE ALFREDO AYALA-FLORES,**
**aka "Blackie,"**

**ALVARO ERNESTO PEREZ CARIAS,**
**aka "Toro,"**

**SEBASTIAN OCADIZ-CASTRO,**

**JUAN LUIS-RICO,**
**aka "Pelon,"**

**JUAN ANGEL REYES,**
**aka "Angel,"**
**aka "Mysterio,"**

**MIGUEL ANGEL NIETO-ROMERO,**
**aka "Flaco,"**

**DANIEL ENRIQUE PEREZ-TORRES,**
**aka "Maliente,"**

**JOSE GERARDO CORTEZ-DIAZ,**
**aka "Cristian Axel Lopez-Cortez,"**
**aka "Chiquilin,"**

**EDER CRUZ-SALGUERO,**
**aka "Edgar Manolo Ramirez-Salguero,"**

aka "Venado,"

**CARLOS LOPEZ-GUZMAN,**
aka "Troso," and

**PEDRO ERNESTO MONTALVO,**
aka "Cuba,"

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree

to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii),

and 846.

## Count Three

(Conspiracy—Dealing in Firearms Without a License)

The allegations set forth in paragraphs 1 through 18 of this indictment are re-alleged

and incorporated herein as if set forth in full.

### The Objects of the Conspiracy

Beginning on or about July 9, 2019, and continuing to and including April 3, 2020,

in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
aka "Buchaca,"

**SEBASTIAN OCADIZ-CASTRO, and**

**ROSALIO ANDRES SIGUENZA-ROMERO,**
aka "Tweety,"

defendants herein, and others known and unknown to the Grand Jury, knowingly combined,

conspired, confederated, and agreed to commit an offense against the United States in

violation of Title 18, United States Code, Section 371, that is:

The co-conspirators, not being licensed dealers, importers, and manufacturers of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully engaged in the business of dealing in firearms; all in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D), Dealing in Firearms Without a License.

The co-conspirators willfully engaged in the business of dealing in firearms in order to generate substantial revenue for themselves, their co-conspirators, and MS-13 and to support and further MS-13's drug trafficking business.

Manner and Means of the Conspiracy

The objects of the conspiracy were carried out, and to be carried out, in substance, as follows:

1.    At all times relevant to the indictment, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," oversaw, directed, and managed the procurement and sale of firearms to potential buyers, including by identifying potential firearms sources and by directing SEBASTIAN OCADIZ-CASTRO and ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," to obtain firearms and sell them to potential buyers.

2.    At all times relevant to the indictment, in coordination with ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca" and one another, ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," and SEBASTIAN OCADIZ-CASTRO obtained firearms and sold them to potential buyers.

3.    At all times relevant to this indictment, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," SEBASTIAN OCADIZ-CASTRO, and ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," were not licensed dealers, importers, and manufacturers of firearms within the meaning of Chapter 44, Title 18, United States Code.

Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, at least one of the co-conspirators committed and caused to be committed, in the District of Nevada at least one of the following overt acts, among others:

1.     On or about July 10, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," and SEBASTIAN OCADIZ-CASTRO sold to another person a Springfield XD 9mm semiautomatic handgun, bearing serial number GM821380.

2.     On or about July 18, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," and SEBASTIAN OCADIZ-CASTRO sold to another person a DPMS AR-15 semiautomatic rifle, bearing serial number F202014, and a Taurus PT92 AFS 9mm semiautomatic handgun, bearing serial number TJZ19725.

3.     On or about December 23, 2019, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," and ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," sold to another person a Glock 21 .45 ACP semiautomatic handgun, bearing serial number WHR291; a Taurus Model 85 .38 SPL revolver, bearing serial number GS26891; and a Romarm/Cugir WASR10 7.62x39mm semiautomatic rifle, bearing serial number UF099307.

4.     On or about January 6, 2020, ADALI ARNULFO ESCALANTE-TRUJILLO, aka "Buchaca," informed a potential firearms purchaser that ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," could get the purchaser whichever firearms the purchaser wished.

5.      On or about January 17, 2020, ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," sold to another person a Ruger Model AR 556 5.56mm semiautomatic rifle, bearing serial number 850-80488.

6.      On or about January 23, 2020, ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," sold to another person a Sig Sauer P365 9mm semiautomatic handgun, bearing serial number 66A494603, and offered to sell to another person three stolen Heckler-&-Koch-MP5-style semiautomatic rifles.

7.      On or about January 24, 2020, ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," sold to another person a stolen MKE Model Z-5 9mm semiautomatic rifle, bearing serial number T0624-17BG00143; a stolen MKE Model Z-5RS 9mm semiautomatic pistol, bearing serial number T0624-17BH01145; and a stolen MKE Model Z-43P 5.56mm semiautomatic rifle, bearing serial number T0624-15BF00189. After selling those firearms, ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," boasted about his ability to sell additional firearms, including a fully automatic AK-47 and an additional Heckler-&-Koch-MP5-style firearm.

8.      On or about February 18, 2020, ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," sold to another person an Armscor of the Philippines M1911-A1 FS .45 ACP semiautomatic handgun, bearing serial number RIA1582289, and a Springfield Armory IMBEL 1911-A1 .45 ACP semiautomatic handgun, bearing serial number WW65048.

9.      On or about April 3, 2020, ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," sold to another person two silencers—devices for silencing, muffling, or diminishing the report of a portable firearm—bearing no serial numbers.

All in violation of Title 18, United Code, Section 371.

## Count Four

(Distribution of a Controlled Substance)

On or about July 11, 2019, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca," and**

**SEBASTIAN OCADIZ-CASTRO,**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 5 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii) and Title 18, United States Code, Section 2.

## Count Five

(Distribution of a Controlled Substance)

On or about July 18, 2019, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca," and**

SEBASTIAN OCADIZ-CASTRO,

defendants herein, aiding and abetting on another, did knowingly and intentionally distribute 5 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii) and Title 18, United States Code, Section 2.

## Count Six

(Distribution of a Controlled Substance)

On or about August 6, 2019, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
aka "Buchaca," and

**JUAN LUIS-RICO,**
aka "Pelon,"

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## Count Seven

(Distribution of a Controlled Substance)

On or about September 12, 2019, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
aka "Buchaca,"

defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## Count Eight

(Distribution of a Controlled Substance)

On or about October 23, 2019, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
aka "Buchaca,"

defendant herein, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**Count Nine**

(Distribution of a Controlled Substance)

On or about November 21, 2019, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca," and**

**SEBASTIAN OCADIZ-CASTRO,**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine, Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

**Count Ten**

(Distribution of a Controlled Substance)

On or about December 20, 2019, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

defendant herein, did knowingly and intentionally distribute a mixture and substance containing Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**Count Eleven**

(Distribution of a Controlled Substance)

On or about January 6, 2020, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**JUAN ANGEL REYES,**
**aka "Angel,"**

aka **"Mysterio,"**

**MIGUEL ANGEL NIETO-ROMERO,**
aka **"Flaco,"** and

**DANIEL ENRIQUE PEREZ-TORRES,**
aka **"Maliente,"**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## Count Twelve

(Dealing in Firearms Without a License)

On or about January 24, 2020, in the State and Federal District of Nevada,

**ROSALIO ANDRES SIGUENZA-ROMERO,**
aka **"Tweety,"**

defendant herein, not being a licensed dealer, importer, and manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully engaged in the business of dealing in firearms, in that ROSALIO ANDRES SIGUENZA-ROMERO, aka "Tweety," sold to another person three stolen firearms, to wit: a MKE Model Z-5 9mm semiautomatic rifle, bearing serial number T0624-17BG00143; a MKE Model Z-5RS 9mm semiautomatic pistol, bearing serial number T0624-17BH01145; and a MKE Model Z-43P 5.56mm semiautomatic rifle, bearing serial number T0624-15BF00189, all in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

**Count Thirteen**

(Distribution of a Controlled Substance)

On or about January 27, 2020, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**MIGUEL ANGEL NIETO-ROMERO,**
**aka "Flaco," and**

**DANIEL ENRIQUE PEREZ-TORRES,**
**aka "Maliente,"**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

**Count Fourteen**

(Distribution of a Controlled Substance)

On or about February 4, 2020, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**JOSE ALFREDO AYALA-FLORES,**
**aka "Blackie," and**

**MIGUEL ANGEL NIETO-ROMERO,**
**aka "Flaco,"**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## Count Fifteen

(Distribution of a Controlled Substance)

On or about March 11, 2020, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**JOSE ALFREDO AYALA-FLORES,**
**aka "Blackie,"**

**JOSE GERARDO CORTEZ-DIAZ,**
**aka "Cristian Axel Lopez-Cortez,"**
**aka "Chiquilin," and**

**EDER CRUZ-SALGUERO,**
**aka "Edgar Manolo Ramirez-Salguero,"**
**aka "Venado,"**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## Count Sixteen

(Possession of Unregistered Firearm)

On or about April 3, 2020, in the State and Federal District of Nevada,

**ROSALIO ANDRES SIGUENZA-ROMERO,**
**aka "Tweety,"**

defendant herein, knowingly possessed two firearms, to wit: two silencers, devices for silencing, muffling, or diminishing the report of a portable firearm, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## Count Seventeen

(Distribution of a Controlled Substance)

On or about April 16, 2020, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**JOSE ALFREDO AYALA-FLORES,**
**aka "Blackie," and**

**CARLOS LOPEZ-GUZMAN,**
**aka "Troso,"**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18 United States Code, Section 2.

## Count Eighteen

(Distribution of a Controlled Substance)

On or about April 25, 2020, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**ALVARO ERNESTO PEREZ CARIAS,**
**aka "Toro," and**

**PEDRO ERNESTO MONTALVO,**
**aka "Cuba"**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## Count Nineteen

(Distribution of a Controlled Substance)

On or about May 14, 2020, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**JOSE ALFREDO AYALA-FLORES,**
**aka "Blackie," and**

**CARLOS LOPEZ-GUZMAN,**
**aka "Troso,"**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## Count Twenty

(Prohibited Person in Possession of a Firearm)

On or about May 14, 2020, in the State and Federal District of Nevada,

**JOSE ALFREDO AYALA-FLORES,**
**aka "Blackie,"**

defendant herein, knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: *Attempted Murder*, in Case No. XNWLA06495102 before the Superior Court of California for the County of Los Angeles, on or about February 24, 2011, and, knowing that he was an alien illegally or unlawfully in the United States of America, did knowingly possess a firearm, to wit: three rifles bearing no serial number and without a discernible manufacturer, said possession being in and affecting interstate commerce and said firearms having been shipped and transported in interstate

commerce, all in violation of Title 18, United States Code, Sections 922(g)(1), 922(g)(5)(A), and 924(a)(2).

### Count Twenty-One

(Distribution of a Controlled Substance)

On or about July 2, 2020, in the State and Federal District of Nevada,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**JOSE ALFREDO AYALA-FLORES,**
**aka "Blackie," and**

**CARLOS LOPEZ-GUZMAN,**
**aka "Troso,"**

defendants herein, aiding and abetting one another, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18 United States Code, Section 2.

### Forfeiture Allegation One
(Continuing Criminal Enterprise)

1. The allegations of Count 1 of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 853(a)(3); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

2. Upon conviction of the felony offense charged in Count 1 of this Criminal Indictment,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. §§ 841(a)(1) and 843(b), specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or a conspiracy to commit such offenses:

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 848, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(C), or a conspiracy to commit such offenses:

defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 848:

defendant herein, shall forfeit to the United States of America, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 848:

defendant herein, shall forfeit to the United States of America, any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 848:

defendant herein, shall forfeit to the United States of America, all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 848, all proceeds traceable to such an exchange, and all moneys, negotiable

1  instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C.

2  §§ 841(a)(1), 843(b), and 848:

3        a.  in personam criminal forfeiture money judgments including, but not limited to,

4            at least $48,870;

5        b.  any and all property with the requisite nexus to violations of 21 U.S.C. §§

6            841(a)(1), 843(b), and 848, pursuant to the forfeiture statutes in this forfeiture

7            allegation and Fed. R. Crim. P. 32.2(b)(2)(C); and

8        c.  an in personam criminal forfeiture money judgment including, but not limited

9            to, at least an amount to be calculated pursuant to the forfeiture statute in this

10           forfeiture allegation and Fed. R. Crim. P. 32.2(b)(2)(C)

11  (all of which constitutes property).

12       3.  If any property being subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with

13  28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(a)(3); and 21 U.S.C. § 881(a)(6)

14  with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant -

15       a.  cannot be located upon the exercise of due diligence;

16       b.  has been transferred or sold to, or deposited with, a third party;

17       c.  has been placed beyond the jurisdiction of the court;

18       d.  has been substantially diminished in value; or

19       e.  has been commingled with other property which cannot be divided without

20           difficulty;

21  it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek

22  forfeiture of any other property of the defendant for the property listed above.

23

All pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. §§ 841(a)(1), 843(b), 848(a) and (c), 853(a)(1), 853(a)(2), 853(a)(3), and 853(p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

**Forfeiture Allegation Two**
(Conspiracy to Distribute a Controlled Substance and
Distribution of a Controlled Substance)

1. The allegations of Counts 2, 4-11, 13-15, 17-19, and 21 of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts 2, 4-11, 13-15, 17-19, and 21 of this Criminal Indictment,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
aka "Buchaca,"

**JOSE ALFREDO AYALA-FLORES,**
aka "Blackie,"

**ALVARO ERNESTO PEREZ CARIAS,**
aka "Toro,"

**SEBASTIAN OCADIZ-CASTRO,**

**JUAN LUIS-RICO,**
aka "Pelon,"

**JUAN ANGEL REYES,**
aka "Angel,"
aka "Mysterio,"

**MIGUEL ANGEL NIETO-ROMERO,**
aka "Flaco,"

**DANIEL ENRIQUE PEREZ-TORRES,**
aka "Maliente,"

1

**JOSE GERARDO CORTEZ-DIAZ,**
**aka "Cristian Axel Lopez-Cortez,"**
**aka "Chiquilin,"**

2

3

**EDER CRUZ-SALGUERO,**
**aka "Edgar Manolo Ramirez-Salguero,"**
**aka "Venado,"**

4

5

**CARLOS LOPEZ-GUZMAN,**
**aka "Troso," and**

6

7

**PEDRO ERNESTO MONTALVO,**
**aka "Cuba,"**

8

9    defendants herein, shall forfeit to the United States of America, any property, real or

10    personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C.

11    § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and

12    1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense:

13    defendants herein, shall forfeit to the United States of America, any property

14    constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of

15    violations of 21 U.S.C. §§ 841(a)(1) and 846:

16    defendants herein, shall forfeit to the United States of America, any property used, or

17    intended to be used, in any manner or part, to commit, or to facilitate the commission of

18    violations of 21 U.S.C. §§ 841(a)(1) and 846:

19    defendants herein, shall forfeit to the United States of America, all moneys, negotiable

20    instruments, securities, or other things of value furnished or intended to be furnished in

21    exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1)

22    and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments,

23    and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1)

and 846:

1.  in personam criminal forfeiture money judgments including, but not limited to, at least $44,370;

2.  any and all property with the requisite nexus to violations of 21 U.S.C. §§ 841(a)(1) and 846, pursuant to the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(2)(C); and

3.  an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated pursuant to the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(2)(C)

(all of which constitutes property).

3. If any property being subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1) and 853(a)(2); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendants -

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants for the property listed above.

All pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. §§ 841(a)(1), 846, 853(a)(1), 853(a)(2), and 853(p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

**Forfeiture Allegation Three**
(Conspiracy—Dealing in Firearms Without a License and
Dealing in Firearms Without a License)

1. The allegations of Counts 3 and 12 of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts 3 and 12 of this Criminal Indictment,

**ADALI ARNULFO ESCALANTE-TRUJILLO,**
**aka "Buchaca,"**

**SEBASTIAN OCADIZ-CASTRO, and**

**ROSALIO ANDRES SIGUENZA-ROMERO,**
**aka "Tweety,"**

defendants herein, shall forfeit to the United States of America, any firearm or ammunition involved in or used in any willful violation of 18 U.S.C. §§ 922(a)(1)(A) and 923(a):

defendants herein, shall forfeit to the United States of America, any firearm or ammunition involved in or used in any violation of any other crime of the United States, 18 U.S.C. § 371 with 18 U.S.C. §§ 922(a)(1)(A) and 923(a):

1. Springfield XD 9mm semiautomatic handgun, bearing serial number GM821380;

2. DPMS AR-15 semiautomatic rifle, bearing serial number F202014;

3. Taurus PT92 AFS 9mm semiautomatic handgun, bearing serial number TJZ19725;

4. Glock 21 .45 ACP semiautomatic handgun, bearing serial number WHR291;

5. Taurus Model 85 .38 SPL revolver, bearing serial number GS26891;

6. Romarm/Cugir WASR10 7.62x39mm semiautomatic rifle, bearing serial number UF099307;

7. Ruger Model AR 556 5.56mm semiautomatic rifle, bearing serial number 850-80488;

8. Sig Sauer P365 9mm semiautomatic handgun, bearing serial number 66A494603;

9. A Stolen MKE Model Z-5 9mm semiautomatic rifle, bearing serial number T0624-17BG00143;

10. A Stolen MKE Model Z-5RS 9mm semiautomatic pistol, bearing serial number T0624-17BH01145;

11. A Stolen MKE Model Z-43P 5.56mm semiautomatic rifle, bearing serial number T0624-15BF00189;

12. Armscor of the Philippines M1911-A1 FS .45 ACP semiautomatic handgun, bearing serial number RIA1582289;

13. Springfield Armory IMBEL 1911-A1 .45 ACP semiautomatic handgun, bearing serial number WW65048;

14. two silencers;

15. Springfield XD 9mm semiautomatic handgun, bearing serial number GM821380;

16. Kel-Tec SU-16, 5.56 caliber rifle, bearing serial number N4886;

17. Sturm and Ruger, .223 caliber Mini-14 Ranch Rifle, bearing serial number 195-86918;

18. Unmarked AR-15 style rifle (ghost gun);

19. 143 rounds 5.56 ammunition;

20. 4 rifle magazines;

21. Panther Arms .223 AR-15, bearing serial number F202014;

22. Forjas Taurus 9mm handgun, bearing serial number TJ19725;

23. Glock 21, .45 caliber, bearing serial number WHR291;

24. Taurus 85, .38 caliber revolver, bearing serial number GS26891;

25. Century Arms, Romarm/Cugir WASR10, 7.62x39, Assault Rifle, bearing serial number UF099307;

26. 30 round magazine;

27. 20 round magazine;

28. Ruger AR 556, 5.56 caliber rifle, bearing serial number 850-80488;

29. 30 rounds P-Mag, 5.56 ammunition;

30. 100 rounds drum magazine for KCI AR-15;

31. Metal 30 round 7.62x39 magazine;

32. Armscor of the Philippines, M1911-A1 FS, .45 caliber handgun, bearing serial number RIA1582289;

33. Springfield Armory, Imbel 1911-A1, .45 caliber handgun, bearing serial number WW65048;

34. three rifles bearing no serial number and without a discernible manufacturer;

35. any and all firearms with the requisite nexus to violations of 18 U.S.C. § 371 with 18 U.S.C. §§ 922(a)(1)(A) and 923(a), pursuant to the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(2)(C); and

36. any and all compatible ammunition

(all of which constitutes property).

3. If any property being subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendants -

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants for the property listed above.

All pursuant to 18 U.S.C. §§ 371, 922(a)(1)(A), and 923(a); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p).

**Forfeiture Allegation Four**
(Possession of Unregistered Firearm)

1. The allegations of Count 16 of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c) and 26 U.S.C. § 5872(a) with 28 U.S.C. § 2461(c).

2. Upon conviction of the felony offense charged in Count 16 of this Criminal Indictment,

**ROSALIO ANDRES SIGUENZA-ROMERO,**
**aka "Tweety,"**

defendant herein, shall forfeit to the United States of America, any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, 26 U.S.C. §§ 5841 and 5861(d):

1    defendant herein, shall forfeit to the United States of America, any firearm involved

2    in any violation of 26 U.S.C. §§ 5841 and 5861(d):

3        1.  two silencers

4    (all of which constitutes property).

5        3.  If any property being subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28

6    U.S.C. § 2461(c) and 26 U.S.C. § 5872(a) with 28 U.S.C. § 2461(c), as a result of any act or

7    omission of the defendant -

8        a.  cannot be located upon the exercise of due diligence;

9        b.  has been transferred or sold to, or deposited with, a third party;

10        c.  has been placed beyond the jurisdiction of the court;

11        d.  has been substantially diminished in value; or

12        e.  has been commingled with other property which cannot be divided without

13            difficulty;

14    it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek

15    forfeiture of any other property of the defendants for the property listed above.

16        All pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 26 U.S.C. § 5872(a)

17    with 28 U.S.C. § 2461(c); 26 U.S.C. §§ 5841 and 5861(d); and 21 U.S.C. § 853(p).

18                        **Forfeiture Allegation Five**
                        (Prohibited Person in Possession of a Firearm)
19

20        1.  The allegations of Count 20 of this Criminal Indictment are hereby realleged and

21    incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C.

22    § 924(d)(1) with 28 U.S.C. § 2461(c).

23

2.  Upon conviction of the felony offense charged in Count 20 of this Criminal Indictment,

**JOSE ALFREDO AYALA-FLORES,**
aka "Blackie,"

defendant herein, shall forfeit to the United States of America, any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1) and 922(g)(5)(A):

1.  three rifles bearing no serial number and without a discernible manufacturer; and

2.  any and all compatible ammunition

(all of which constitutes property).

3.  If any property being subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c) and 26 U.S.C. § 5872(a) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant -

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants for the property listed above.

1    All pursuant to 18 U.S.C. § 922(g)(1) and 922(g)(5)(A); 18 U.S.C. § 924(d)(1) with 28

2  U.S.C. § 2461(c); and 21 U.S.C. § 853(p).

3

4    **DATED** this 8th  day of July, 2020.

5    **A TRUE BILL:**

6

7                                                    /S/
                                    FOREPERSON OF THE GRAND JURY

8

9

NICHOLAS A. TRUTANICH
10  United States Attorney

11  _____

SHAHEEN P. TORGOLEY
12  BRETT C. RUFF
   Assistant United States Attorneys

13

14

15

16

17

18

19

20

21

22

23