Maysoun Fletcher, Esq.
Nevada Bar No. 10041
The Fletcher Firm, P.C.
5510 South Fort Apache Rd.
Las Vegas, Nevada 89148
Telephone: (702) 835-1542
Facsimile: (702) 835-1559
maf@fletcherfirmlaw.com
Attorney for Defendant,
ADALI ESCALANTE-TRUJILLO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00156-RFB-DJA |
| Plaintiff, | **MOTION FOR DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANTS** |
| vs. | |
| ADALI ARNULFO ESCALANTE-TRUJILLO, | |
| Defendant | |

COMES NOW Defendant, ADALI ARNULFO ESCALANTE-TRUJILLO, by and through his counsels, Maysoun Fletcher and Chris Rasmussen, and hereby requests immediate disclosure of information regarding confidential informants. On October 3, 2022, undersigned counsel sent correspondence to Government counsel requesting disclosure of informant information.[1] As of today, Government counsel has not produced the items and recently notified counsel it does not intend on disclosing at least one informant. As such, this Motion was necessary to obtain the necessary disclosure of the items requested herein.

---

[1] Ex. A, item numbers 8, 9, and 13.

1

## **MEMORANUM OF POINTS AND AUTHORITIES**

On June 8, 2020, Mr. Escalante was charged by Indictment as the lead defendant with 18 counts, including Continuing Criminal Enterprise (count 1), Conspiracy to Distribute Controlled Substances, Conspiracy to Distribute Firearms, and multiple Distribution of Controlled Substances counts.[2] On October 14, 2022, the Court entered an Order[3] granting the Governments' Unopposed Motion to Dismiss Count One,[4] leaving 17 drug and gun counts.

The Government used several confidential informants in this case. At least one confidential informant was used in 2018 and potentially longer to provide intel on Mr. Escalante regarding his alleged active gun and drug distributions on behalf of MS-13.[5] That individual commenced the investigation into Mr. Escalante. Moreover, based upon the discovery received, this informant may use the moniker "Viper" or, alternatively, "Viper" is yet another confidential informant the Government used to obtain intel for use in their operation against Mr. Escalante. It is believed that undisclosed confidential informants were having conversations with Mr. Escalante, under the direction of the Government, for the purpose of furthering the Government's operation against Mr. Escalante and MS-13. No reports, notes, or recordings have been provided regarding the work of these informants.

In addition, the Government conducted a series of controlled buys using two confidential informants identified as "SA 136-LV [CI-1] and SA 149-LV [CI-2]" which directly resulted in

---

[2] [ECF 1]
[3] [ECF 270]
[4] [ECF 263]
[5] Please see attached Ex. B, Dept. of Homeland Security Report of Investigation, at pg. 2

2

the 17 counts alleged against Mr. Escalante. There is one commonality in this investigation between Mr. Escalante and the other dozen co-defendants charged with drug and gun offenses: the confidential informants and, at minimum, a third CI with no identifying CI # who initiated the investigation with government agents. Mr. Escalante is entitled to know the identity of his direct accusers, and to information and records regarding their work as confidential informants, as his rights under the Confrontation Clause and right to effectively cross-examine these crucial witnesses are imperiled by the Government's withholding of the information and records requested in this Motion. Timely, immediate disclosure of the information and records identified in this motion is essential to the preservation of Mr. Escalante's right and ability to adequately prepare for trial.

Considering the foregoing, <u>Mr. Escalante hereby requests that the Court order the Government to provide the following information regarding the confidential informants identified as ""SA 136-LV [CI-1] and SA 149-LV [CI-2]" and, at minimum, a third CI with no identifying CI # who initiated the investigation into Mr. Escalante with government agents</u>:

1. The confidential informant's name.

2. Materials regarding the confidential informant's history of cooperation with the Government.

3. The cooperation agreement between the confidential informant and the Government relating to the present case, and any other case in which the confidential informant is set to provide testimony or cooperation.

4. Materials relating to the background and history of the confidential informant.

3

5. Any documents establishing the confidential informant's relationship with a law enforcement agency, including those involved in "Opening a Criminal Informant Suitability Inquiry" in accordance with the policies of the Federal Bureau of Investigation.

6. Any agreements signed by the confidential informant with law enforcement agencies.

7. Documents containing periodic assessments of the confidential informant's suitability, including Suitability Report and Recommendation forms, yearly review memoranda, and risk assessment forms in the Federal Bureau of Investigation file.

8. Documents reflecting the payments received by the confidential informant from law enforcement agencies in exchange for his or her services.

9. Documents concerning the scope of the confidential informant's authorization to engage in illegal acts, and documentation concerning his or her participation in illegal acts, whether authorized or unauthorized.

10. Transcripts of any testimony presented to the grand jury which indicted Mr. Escalante which contains or references statements made by confidential informant "SA 136-LV [CI-1] and SA 149-LV [CI-2]" and at minimum a third CHS with no identifying CHS # who initiated the original contact with government agents.

11. All transcripts, notes or memoranda reflecting the content of interviews and/or discussions related to this case between law enforcement and "SA 136-LV [CI-1] and SA 149-LV [CI-2]" and at minimum a third CI with no identifying CI # who initiated the original contact with government agents.

Under the circumstances of the allegations in the present case, the Government's interest in the confidentiality of its informants and files is far outweighed by the importance of the information to Mr. Escalante's defense.

4

# LEGAL ARGUMENT

While it is well established that the Government has a limited privilege to withhold the identity of an informant where to do so serves important law enforcement objectives, that privilege will not serve to block disclosure where the defendant has established a need for the information.[6] In fact, the Court is required to at least hold an in-camera hearing where the defendant makes the threshold showing that disclosure of the informant's identity is relevant to at least one of the defenses to the charges.[7] The need for disclosure and production of a confidential informant is mandated when the indictment contains a conspiracy charge and the informant could have information regarding either knowing membership in the conspiracy or possible entrapment.[8]

In this case, the confidential informants are the direct witnesses to the alleged charges against Mr. Escalante. Where so much rests upon the veracity of a single witness, evidence regarding that witness' background, credibility and motives to fabricate is the most important evidence in the case. Moreover, the mere fact that "SA 136-LV [CI-1] and SA 149-LV [CI-2]" were used so widely by the Government (over one year and at least 20 transactions) raises the strong presumption that their assistance was not gratuitous and was procured by any number of inducements, promises or accommodations. Information regarding the informant's background

---

[6] *United States v. Amador-Galvan*, 9 F.3d. 1414, 1417 (9th Cir., 1993). *United States v. Spires*, 3 F.3d. 1234, 1238 (9th Cir., 1993). *United States v. Williams*, 898 F.2d. 1400, 1402 (9th Cir., 1990).
[7] *United States v. Sai Keung Wong*, 886 F.2d. 252, 256 (9th Cir., 1989).
[8] *United States v. Miramon*, 443 F. 2d 361, 363 (9th Cir. 1971); *Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir. 1968); *Alexander v. United States*, 362 F. 2d 379 (9th Cir. 1966).

will also be helpful to the defense in its efforts to develop impeachment evidence, including information from which to identify other witnesses competent to testify to the informant's reputation for truthfulness.

## CONCLUSION

The Government's confidential informants are the only direct witnesses against Mr. Escalante in all 17 counts alleged against him. The unknown additional confidential informants were apparently obtaining intel regarding Mr. Escalante to be used to further the Government's case. Mr. Escalante respectfully requests an Order from this Court directing the Government to promptly disclose information regarding its confidential informants so Mr. Escalante has sufficient time to prepare for trial.

Dated this 25th day of November, 2022.

Respectfully submitted,

*Maysoun Fletcher*
Maysoun Fletcher, Esq.
Counsel for Mr. Escalante

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November, 2022, I caused a true and correct copy of the foregoing **MOTION FOR DISCLOSURE OF INFORMANTION REGARDING CONFIDENTIAL INFORMANTS** to be electronically filed with the Clerk of the Court by submitting the document listed above to the electronic filing and service system at the United States District Court (CM/ECF), District of Nevada. CM/ECF will provide copies to all counsel of record registered to receive CM/ECF notifications.

*/s/ Maysoun Fletcher*
Maysoun Fletcher, an Employee of
The Fletcher Firm, P.C.

# EXHIBIT A



# THE FLETCHER FIRM
**A PROFESSIONAL LAW CORPORATION**
www.fletcherfirmlasvegas.com
Offices in California and Nevada
**(702) 835-1542 (877) 382-9506**

October 3, 2022

Jacob Operskalski
United States Attorney Office
501 S. Las Vegas Blvd., Suite 1100
Las Vegas, NV 89101

    Re:    *United States v. Adali Escalante Trujillo, et. al.*
                  Case Number: 2:20-cr-00156

Dear Mr. Operskalski:

    We understand you are producing the data from the 22 devices this week. With the looming pretrial motions deadline and trial approaching, **please let us know when each of the following previously requested items will be produced.**

1. All evidence related to the BMW the CHS's delivered to Mr. Escalante on or about July 11, 2019.

2. The Indictment alleges that on 9-4-19, a narcotics supplier working for Escalante possessed methamphetamines. Please produce all evidence regarding this allegation.

3. The Indictment alleges that on 2-2-20, a three-way call was made between Escalante, CI and Blackie -  Please produce all evidence of this call, including, but not limited to audio and video recordings, and transcripts.

4. The Indictment alleges that on 2-15-20,  Escalante connected a buyer to a founding member of MS-13 in El Salvador. Please produce all evidence from 2-15-20 related to this allegation, including, but not limited to, audio and video recordings, and transcripts.

5. The Indictment alleges that on 4-23-20, Escalante placed a buyer in touch with a high-ranking MS 13 Hollywood Locos member incarcerated in California.  Please produce all evidence related to this allegation, including, but not limited to, audio and video recordings, and transcripts.

6. The Indictment alleges that on 5-7-20, Escalante had a three-way call with an incarcerated MS-13 member. Please produce all evidence related to this allegation, including, but not limited to, audio and video recordings, and transcripts.

7. Please produce the transcript for the video recording dated 4-28-20.

8. December 2018, HSI Special Agent, Arthur Tudek was notified that Adali Escalante was actively involved in the sale of firearms and narcotics on behalf of MS-13. Please produce all information and evidence regarding this claim, including, but not limited to 1) who notified SA Tudek and 2) all evidence of Escalante's sale of firearms and narcotics in support of this statement. (See Bates 2740-46)

9. In February, 2019 Escalante and his family were identified as targets in the investigation of the MS-13 gang Hollywood Locos clique operating in Las Vegas by the Dept of Homeland Security. Please produce what information was used to identify he and his family as targets of the investigation in Feb. 2019. ( See Department of Homeland Security report LV36F219LV0001-001)

10. At the recent status hearing, you advised the Court that the Government does not intend on using any evidence seized from the 22 devices in its case in chief. However, we are still requesting all evidence Task Force Officer Christian Parquette relied upon for his assertion in his application for a search warrant dated October 2, 2020 that Escalante was a high-ranking leader of the Hollywood clique who had previously committed acts of violence in furtherance of the organization…and facilitated illegal narcotics trafficking throughout the United States.

11. Please produce all video and audio recordings of the initial encounter between CHS-1 and CHS-2 with Escalante at the child support services building.

12. Please produce all evidence regarding Elio "Pony" Yanez and his interactions with Escalante, the CHS's, or any codefendants, including, but not limited to, any audio and/or video recordings or transcripts of his calls from prison.

13. All CI files, including, but not limited to, criminal history and payments.

14. All forensic downloads of CI cell phones.

15. HSI Tacoma TC36F219LV0001missing ROI#2 through final ROI (ROI-1 Bates# 2849, documents arrest of Miguel Nieto-Romero "Flaco" at an immigration facility in Tacoma.

16. HSI LA LA36BS19LA0001 missing any documentation of information received from LAPD; ROI 1-15, 17-22, 29-31, 33 to final ROI

17. HSI LV LV36F219LV0001 missing Lead 0000343-19; ROI 1, 6, 9-10, 12-15, 18-19, 21, 25-27, 33-36, 38, 40-45, 47-54, 56-59, 61, 63, 66, 69-70, 72-78, 80, 82-83, 86 to final ROI

18. ATF LV 786085-20-0018 missing 3, 9-10, 15 to final ROI

Best Regards,

*Maysoun Fletcher*
Maysoun Fletcher, Esq.

**EXHIBIT B**

# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



05/12/2020 22:01 EDT                                                                                   Page 1 of 7

**CASE NUMBER**
LV36F219LV0001

**CASE OPENED**
2/15/2019

**CURRENT CASE TITLE**
OPERATION SILVER SHIELD - OCDETF - MS-13 LAS VEGAS

**REPORT TITLE**
Surveillance Operations on Adali "BUCHAKA" ESCALANTE

**REPORTED BY**
Arthur Tudek
SPECIAL AGENT

**APPROVED BY**
Eric Wilson
SPECIAL AGENT

**DATE APPROVED**
7/24/2019

**SYNOPSIS**

In February of 2019, HSI Las Vegas received information provided by the Department of Homeland Security, Immigration & Customs Enforcement (ICE), Enforcement & Removal Operations (LEAD-0000343-19) regarding the criminal activities of the Mara Salvatrucha (MS-13) gang in Las Vegas, Nevada. HSI Las Vegas received information that criminal gang members and associates in El Salvador were being assisted in fleeing their home country while travelling to the United States. In addition, MS-13 is involved in homicides, extortion, and the trafficking of narcotics and counterfeit identification documents in and around Las Vegas, Nevada.

This Report of Investigation (ROI) documents multiple surveillance operations on Adali "BUCHAKA" ESCALANTE from May 28, 2019 until June 26, 2019.

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| OPERATION SILVER SHIELD - OCDETF - MS-13 LAS VEGAS | LV36F219LV0001-002 | 7/24/2019 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

05/12/2020 22:01 EDT    Page 2 of 7

## DETAILS OF INVESTIGATION

DETAILS OF INVESTIGATION:

In December 2018, HSI Special Agent (SA) Arthur Tudek was notified that "BUCHAKA (previously identified as Adali ESCALANTE) was actively involved in the sale of firearms and narcotics on behalf of the MS-13 transnational gang, Hollywood Locos clique. HSI Tudek and the Las Vegas Metropolitan Police Department (LVMPD) arranged surveillance to cover ESCALANTE's movement and to establish his pattern of life. ESCALANTE resides at 6219 Meadow Haven Lane, Las Vegas, Nevada 89103.

From May 28, 2019, HSI and the LVMPD Gang Major Case Team (GMCT) Detectives began conducting surveillance on ESCALANTE who is a "Shotcaller (leader)" of MS-13 from the Hollywood Locos clique.

AGENT's NOTE:

*The information contained below is derived from the LVMPD "Rolling Surveillance Log." A copy of this LVMPD report will remain in the HSI case file.*

**AGENTS/ OFFICERS INVOLVED IN SURVEILLANCE:**

- Detective C. Parquette P# 13937
- Detective B. Walford #15033
- Detective J. Keen P# 14455
- Officer C. Del Villar P# 14851
- CCSD Officer S. Ufford
- HSI Agent A. Tudek

**05/28/2019**

**LVMPD Event # LLV190500137532**

**1530–** Surveillance is established on the target residence by LVMPD Detective Parquette.

**1550–** Hispanic male (Not Further Identified (NFI)) wearing a maroon shirt and blue jeans walks up to the target residence and goes inside.

**1554–** Hispanic female (NFI) arrives in black Nissan Sentra bearing NV plate J4IRO (R/O Heidy Garcia, 6219 Meadow Have Lane, Las Vegas, NV 89103) and walks inside the house.

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| OPERATION SILVER SHIELD - OCDETF - MS-13 LAS VEGAS | LV36F219LV0001-002 | 7/24/2019 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.




# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

---

05/12/2020 22:01 EDT                                                                                 Page 3 of 7

**1558–** Male in maroon shirt walks out of residence to mailbox, then back in residence.

**1638–** ESCALANTE walks out of residence and gets in black Nissan Sentra. Detectives follow it to the McDonalds located at Spring Mountain Road and Red Rock Street, Las Vegas, Nevada. The driver pulls up to the drive-thru. Detectives keep constant surveillance on the vehicle.

**1648–** Nissan Sentra returns to the residence, ESCALANTE exits vehicle and goes inside the residence.

**1701–** Male from residence exits and walks over to the Nissan Frontier parked in front of target residence.

**1713–** A young Hispanic males exits residence throws out trash and goes back inside target residence.

**1717–** ESCALANTE exits residence wearing black tank top and black shorts, walks to Nissan Frontier, then goes back inside target residence.

**1722–** The younger Hispanic male exits residence wearing grey long sleeve shirt and multi-colored shorts walks to trash and then goes back into residence.

**1728–** A male in blue shirt comes out of target residence on the phone.

**1732–** Surveillance is terminated.

**Conclusion:**

It was determined that target lives at the residence and drives the Nissan Sentra bearing NV plate J4IRO.

---

*05/29/2019*

***LVMPD Event # LLV190500140369***

**1246–** Surveillance was established at 6219 Meadow Haven Lane by Detective J. Keen and C. Del Villar.

**1246–** Nissan Frontier NV/LVK88K (R/O Adali ESCALANTE, 6219 Meadow Haven Lane, Las Vegas, Nevada 89103) was parked under the awning for target address.

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| OPERATION SILVER SHIELD - OCDETF - MS-13 LAS VEGAS | LV36F219LV0001-002 | 7/24/2019 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.




# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

**OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE**

---

05/12/2020 22:01 EDT                                                                                          Page 4 of 7

**1413**– Target exits the residence and walks to the Frontier.

**1415**– Target walks back into the residence.

**1503**– Target walks outside from residence and begins to clean his truck.

**1505**– Unknown Hispanic male juvenile (NFI) exited the residence with a basketball and walks towards basketball courts.

**1510**– Unknown Hispanic male juvenile comes back to residence.

**1604**– Target is outside and utilizes cellular phone, appears to make a phone call.

**1630**– Target goes inside, and surveillance is terminated.

---

### 06/12/2019

**LVMPD Event #190600054716**

**1246**– GMCT Detectives established surveillance at 6219 Meadow Haven Lane by Officer S. Ufford, and the Nissan Frontier is parked under the awning of the residence.

**1500**– Unknown Hispanic male (NFI) wearing a red t-shirt and blue jeans exits the residence and stands by the hood of the Nissan Frontier utilizing his cell phone appears to make a phone call.

**1503**– Unknown Hispanic male in red shirt walks back inside the residence.

**1529**– Unknown black male adult (NFI) wearing a white with blue sleeve ¾" sleeve t-shirt and blue jeans walks towards the residence on his cell phone and enters the residence.

**1538**– Unknown black male adult exits the residence utilizing his cell phone.

**1545**– Target exits the residence appears to be utilizing his cell phone and walks back inside.

**1645**– Targets exits the residence and gets into the driver seat of the Nissan Frontier, no other occupants and leaves the residence. Detective/Agent continue mobile surveillance on the target. Target begins to travel west bound on Twain, turning north bound on Rainbow. Target enters the US-95 Northbound freeway from Rainbow Blvd. Target exits Craig Road and travels east bound later turning northbound onto Rainbow Blvd. Target later turns west bound onto Alexander Road,

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| OPERATION SILVER SHIELD - OCDETF - MS-13 LAS VEGAS | LV36F219LV0001-002 | 7/24/2019 |

**OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE**

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.




# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

---

05/12/2020 22:01 EDT                                                                                         Page 5 of 7

northbound Broadriver Rd, westbound Redtree Lane, Northbound Overbrook Drive, and westbound onto Manistee Court which is a dead end. Target parks his vehicle between 6953/6957 Manistee Court.

**1655–** Target exits the neighborhood with an unknown male in the passenger seat and travels southbound on Rainbow.

**1710–** Visual of the vehicle is lost at Lake Mead/Rainbow traveling southbound due to traffic.

**1710–** Surveillance is terminated.

---

### 06/14/2019

**LVMPD Event # 190600065742**

**1700–** GMCT Detectives established surveillance at 6219 Meadow Haven Lane by Officer C. Del Villar, and Nissan Frontier is parked under the awning of the residence.

**1705–** Target exits the residence and walks to his Nissan Frontier and sits in the driver seat.

**1709–** Targets exits the vehicle and walks back inside his residence.

**1723–** Unknown Hispanic male adult (NFI) exits the residence with a basketball and begin to walk towards the center of the housing complex.

**1809–** Unknown Hispanic male walks back to the target residence with a basketball.

**1816–** Target exits the residence and gets into the driver seat of the Nissan Frontier and begin to exit the complex westbound on Twain.

**1817–** GMCT Detectives begin mobile surveillance. Target begins to drive westbound on Twain, until turning northbound onto Rainbow Blvd. Target drives into the Walmart shopping center located at 3615 South Rainbow Blvd.

**1825–** Target parks his vehicle and walks inside Walmart.

**1836–** Target exits the Walmart and proceeds to his vehicle.

**1848–** Target drive back to his residence and proceeds inside the house.

---

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| OPERATION SILVER SHIELD - OCDETF - MS-13 LAS VEGAS | LV36F219LV0001-002 | 7/24/2019 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



05/12/2020 22:01 EDT                                                                                          Page 6 of 7

**1916–** Two unknown Hispanic males exits target residence and walk to a blue in color Honda Civic, Nevada license plate 36D-586 (R/O Lilian Solis-Torres, 2900 El Camino Ave., Apt 164, Las Vegas, NV). Both males enter the vehicle and leave the housing complex.

**2115–** Surveillance is terminated.

---

*06/26/2019*

*LVMPD Event # 190600121730*

**0500–** GMCT Detectives established surveillance at 6219 Meadow Haven Lane by Detective B. Walford, and a white Scion TC bearing Nevada license plate 329-H41 (R/O Steve Escalante, 5865 W Rochelle Ave, Apt. 105, Las Vegas, Nevada 89103) is parked under the awning of the residence.

**0737–** Target exits the residence and enters into the white Scion and begins to leave the complex, which mobile surveillance was conducted.

**0759–** Target enters the neighborhood of Alexander/Rainbow and proceeds to the address where he parked in between 6953/6957 Manistee Court. Detectives were not able to follow the target vehicle into the neighborhood.

**0804–** Target exits the neighborhood, which mobile surveillance is continued.

**0816–** Target drives to AA Auto Care, located at 7501 West Washington Avenue, at which time the Nissan Frontier NV/LVK88K (previously identified), which is being driven by an unknown Hispanic male adult enters into the AA Auto Care and meets with the target.

**0828–** Target (driver) and unknown Hispanic male adult (passenger) both enter into the Nissan Frontier and exit AA Auto Care, leaving the Scion there. Mobile surveillance is continued.

**0853–** Target and passenger travel and park back at the target's residence. (6219 Meadow Haven)

**0900–** Unknown Hispanic male who was the passenger then enters the driver seat, and the target goes inside the residence. The unknown Hispanic male is later identified as Julian Escalante (DOB: 07/05/1998).

**0903–** Julian proceeds to exit the housing complex in the Nissan Frontier which mobile surveillance is continued.

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| OPERATION SILVER SHIELD - OCDETF - MS-13 LAS VEGAS | LV36F219LV0001-002 | 7/24/2019 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.

# DEPARTMENT OF HOMELAND SECURITY

## HOMELAND SECURITY INVESTIGATIONS

### REPORT OF INVESTIGATION

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE



05/12/2020 22:01 EDT                                                                                     Page 7 of 7

**0918–** Julian drives to Symphony Townhomes located at 2606 South Durango Drive. Julian parks the truck in front of apartment #148.

**0920–** Detective Parquette and Del Villar began surveillance on foot. During this time Del Villar observed Julian on the balcony of apartment #148.

**1000–** Surveillance is terminated.

--------------------------------------------------------------------------------

This investigation continues.

| Current Case Title | ROI Number | Date Approved |
|---|---|---|
| OPERATION SILVER SHIELD - OCDETF - MS-13 LAS VEGAS | LV36F219LV0001-002 | 7/24/2019 |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

This document is loaned to you for official use only and remains the property of the Department of Homeland Security. Any further request for disclosure of this document or information contained herein should be referred to HSI Headquarters together with a copy of the document.