JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 14853
JACOB OPERSKALSKI
Nevada Bar Number 14746
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-5087
Jacob.Operskalski@usdoj.gov
*Attorneys for United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:20-CR-000156-RFB |
| Plaintiff, | |
| vs. | Government's Sentencing Memorandum and Response to Rosalio Andres Siguenza-Romero's Sentencing Memorandum (ECF No. 410) |
| ROSALIO ANDRES SIGUENZA-ROMERO, | |
| Defendant. | |

The United States of America hereby files this sentencing memorandum and response to Rosalio Andres Siguenza-Romero's Sentencing Memorandum, ECF No. 410. The Presentence Investigation Report ("PSR") recommends a 37-month sentence to be followed by three years of supervised release. For the reasons stated herein, the government recommends a 21-month sentence; a term of imprisonment is warranted and will meet the goals of sentencing as to this defendant.

**I.   Factual and Procedural Background**

Rosalio Andres Siguenza-Romero ("Siguenza") was a firearm supplier for this MS-13 conspiracy – he sold firearms, *including stolen firearms and silencers*, to Confidential Informants

1

(CIs) on *six different occasions*, sometimes from his family's residence.

On December 23, 2019, Siguenza, through Escalante-Trujillo, sold three firearms to CIs. On January 17, 2020, he sold the CIs another firearm, and he did the same on January 23, 2020. On January 24, 2020, Siguenza sold three stolen firearms to CIs. On February 18, 2020, he sold the CIs two more firearms, and finally, on April 3, 2020, Siguenza sold the CIs two silencers.

On February 24, 2023, Perez pleaded guilty pursuant to a plea agreement, ECF No. 361, to Count Three of the Indictment, charging him with Conspiracy—Dealing in Firearms Without a License in violation of 18 U.S.C. § 371. ECF Nos. 359 and 361. Sentencing is currently scheduled for October 17, 2023.

## II.   Guideline Calculations[1]

Pursuant to U.S.S.G. § 2K2.1(a)(5), the Base Offense Level is 18. PSR ¶ 81. Siguenza sold more than 8 but less than 25 firearms as part of this conspiracy, so he is subject to a +4 enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(B).  PSR ¶ 82. A number of the firearms Siguenza sold were stolen, so he is also subject to a +2 enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A). PSR ¶ 83. The adjusted offense level is 24.

The PSR accurately subtracted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). PSR ¶¶ 89-90. In light of the United States Sentencing Commission's proposed amendment to § 4C1.1 to lower the base offense level for Zero Point Offenders by two levels, the Government recommends an additional two-level downward variance to the defendant's base offense level after the Court has calculated and applied the Guideline range. Because the government is recommending that this reduction be applied

---

[1] The government has one minor suggested edit to the PSR that does not affect any calculations. In the second to the last line of paragraph 65 of the PSR, the word "pistol" should instead be "rifle."

before the proposed amendment takes effect, Siguenza will not be eligible for the same reduction a second time once the proposed amendment takes effect. The Total Offense Level is 19. Siguenza is in Criminal History Category I, so the applicable range is 30-37 months.

In the plea agreement, the government agreed to advocate for a three-level downward variance, which is justified based on various mitigating factors. ECF No. 361 at 11. The resulting range is 21-27 months. In accordance with the plea agreement, the government is recommending a sentence at the bottom of that range: 21 months, as being sufficient, but not greater than necessary, to meet the goals of sentencing.

### III. Argument

A custodial sentence is warranted for a 44-year old MS-13 gun-supplier who repeatedly demonstrated his easy access to firearms and his disregard for where such dangerous weapons ended up or how they would be used.

The framework for determining an appropriate sentence is set forth in 18 U.S.C. § 3553(a), which requires that the Court ensure the sentence imposed properly considers, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense and promote respect for the law; (4) the need to afford adequate deterrence; and (5) the need to avoid unwarranted sentencing disparities. The government highlights the following considerations.

**A. Seriousness of the offense & the need for deterrence**

Illegally selling firearms repeatedly, selling stolen firearms, and selling silencers are serious criminal actions that harm this community, especially when done as part of an MS-13 conspiracy. This Court has sentenced young defendants who were drawn into gang life by the lure of easy money and authority – there needs to be a counter to that draw, that being the risk of significant terms of incarceration. The community, especially within the sphere of MS-13's influence, hear

3

about terms of incarceration imposed in cases like this. If a 44-year old man who sold 12 firearms (some of which were stolen), including two silencers, over the course of months, only receives days in jail, the recruitment efforts of MS-13 to influence others to do the same would be made that much easier.

### B. The history and characteristics of the defendant

Siguenza is not similarly situated with the majority of his codefendants as he is the one defendant pleading to the charge of selling firearms illegally – and he did so in a way that demonstrated this was a major part of his way of life.

In this case, age is an aggravating factor – even as a man in his forties, Siguenza was selling guns and playing a major role in a criminal conspiracy for the benefit of MS-13. He is old enough to know how his gang and their vile activities have ruined and are ruining lives globally, but he played his part selling firearms and supporting the gang nonetheless.

As a father with a family of his own, Siguenza should have recognized the possible effects of his actions. Families in Las Vegas suffer every day due to the plague of gun violence in our city, actors like Siguenza who sell guns illegally undoubtedly contribute to that societal scourge. The letters submitted to the Court show that Siguenza does know better than to act as he has in this case, and he has other legitimate opportunities and an incredible support system. Despite the presence of those options and support, Siguenza chose to continue a criminal lifestyle as it meant easy, self-interested profits.

### C. A further downward departure or variance is not warranted

Some of the mitigating factors raised by Siguenza in his sentencing memorandum help justify the sentencing recommendation at the bottom of the applicable range following the application of the three-level variance. A 21-month sentence is extremely lenient for a defendant who repeatedly sold firearms, including some that were stolen, and two silencers, as part of an

MS-13 conspiracy. There is no sufficient basis to support an additional downward variance. His repeated criminal actions must carry significant consequences.

### D. Supervised release

The government requests that the Court impose the recommended three-year term of supervised release with the standard and special conditions recommended by the United States Probation Office. The recommended conditions are likely to aid in Siguenza's rehabilitation and reentry. The government also requests a condition that Siguenza be required to partake in community service in addition to his employment. Siguenza carried out his role in this conspiracy while working, so community service should effectively fill his time with productive pursuits that help rather than harm this community.

### IV. Conclusion

The United States requests that this Court sentence Siguenza to 21 months' custody, followed by three years of supervised release. This sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing.

Dated this 12th day of October, 2023.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

*/s/ Jacob H. Operskalski*
JACOB H. OPERSKALSKI
Assistant United States Attorney